1  STEPHEN L. RAM, State Bar No. 240769
      sram@stradlinglaw.com
2  AHMAD S. TAKOUCHE, State Bar No. 322911
      atakouche@stradlinglaw.com
3  STRADLING YOCCA CARLSON & RAUTH A PROFESSIONAL
   CORPORATION
4  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
5  Telephone:  949 725 4000
   Facsimile:  949 725 4100
6
   Attorneys for Plaintiff
7  TAKEYA USA CORPORATION

8  Elizabeth L. Schilken (SBN 241231)
   *schilkene@ballardspahr.com*
9  BALLARD SPAHR LLP
   2029 Century Park East, Suite 1400
10 Los Angeles, CA 90067-2915
   Telephone: 424.204-4400
11 Facsimile: 424.204-4350

12 Mary O'Brien (admitted *pro hac vice*)
   *obrienm@ballardspahr.com*
13 Wallace Hilke (admitted *pro hac vice*)
   *hilkew@ballardspahr.com*
14 Kathryn Wendt (admitted *pro hac vice*)
   *wendtk@ballardspahr.com*
15 BALLARD SPAHR LLP
   80 South 8th Street
16 Minneapolis, MN 55402-2119
   Telephone: 612.371-6213
17 Facsimile: 612.371-3207

18 Attorneys for Defendant
   POWER PLAY MARKETING GROUP, LLC
19

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

| | |
|---|---|
| TAKEYA USA CORPORATION, a California corporation,<br><br>          Plaintiff,<br><br>          vs.<br><br>POWERPLAY MARKETING GROUP, LLC, and DOES 1 through 10, inclusive,<br><br>          Defendant. | CASE NO. 8:21-cv-00835 JVS (DFMx)<br>Hon. James V. Selna<br><br>**STIPULATED PROTECTIVE ORDER** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
4818-3543-0383v4/105043-0001

| | |
|---|---|
| POWERPLAY MARKETING GROUP, LLC<br><br>  Counterclaimant,<br><br>  vs.<br><br>TAKEYA USA CORPORATION, a California corporation<br><br>  Counterdefendant. | *[Removal from Orange County Superior Court on May 4, 2021]* |

Stradling Yocca
Carlson & Rauth
LAWYERS
Newport Beach

-2-
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

4818-3543-0383v4/105043-0001

## 1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This Action involves claims and counterclaims between Plaintiff, a manufacturer of products including water bottles, and Defendant, a retail sales agent that helps negotiate the placement of its clients' products (including those of manufacturers such as Plaintiff) into large retail outlets for sale to consumers. As such, certain documents and information possessed by Plaintiff, Defendant, and/or third parties that may be produced in this Action could competitively harm Plaintiff, Defendant, or Defendant's clients if disclosed, such as information relating to future products not yet commercially released. Further, this Action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1   Action: *Takeya USA Corporation v. Powerplay Marketing Group, LLC, et al.* Case No. 8:21-cv-00835-JVS-DFMx.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

2.5   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) Any Party may designate Documents, Testimony, or Information as "Confidential" or even if not initially marked as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other Party in writing and providing replacement copies of the document or transcript within thirty (30) days of the delivery of each such Document or receipt of the deposition transcript which it wishes to designate as "Confidential" (a "Late Designation"). Until the earlier of the expiration of the thirty-day period or notice of "Confidential" designation by a Party, all such Documents and Transcripts shall be treated as "Confidential" Thereafter, unless and until notified of a confidential designation and provided with replacement copies, all Documents and Transcripts will not be considered "Confidential." Any person who receives actual notice of any such Late Designation of previously produced documents or deposition transcripts, shall thereafter treat such information as if it had been designated as "Confidential" at the time he, she, or it first received it in connection with this action and shall immediately use reasonable efforts to: (a) retrieve all copies of said document or transcript from individuals to whom the information has been disclosed; and (b) obtain from such individuals their agreement to be bound by this Order by signing Exhibit A. In the case of deposition testimony, any Party may designate testimony as "Confidential" either (i) at the time of the deposition as set forth in subparagraph (b) above, or (ii) by written notice to all counsel of record within thirty (30) days after receipt of the written transcript.

5.4   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      5.5    <u>Additional Parties</u>. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be bound fully by this Stipulation.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith, pursuant to Civil Local Rule 37-1.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rules 7 and 37 (and in compliance with Civil Local Rule 79-5, if applicable) within 28 days of the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

8
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 28 days (or 21 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that:  (1) the witness signs the form attached as Exhibit A hereto; and (2) the witness and attorneys for the witness will not be permitted to keep any confidential information or Protected Material, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

10
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED IN OTHER LITIGATION

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

11
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

### 12. MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

13
STIPULATED PROTECTIVE ORDER
4818-3543-0383v4/105043-0001

addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.  FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14

STIPULATED PROTECTIVE ORDER

4818-3543-0383v4/105043-0001

**14. REMEDY FOR VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 3, 2022    STRADLING YOCCA CARLSON & RAUTH A PROFESSIONAL CORPORATION

By: */s/ Stephen L. Ram*
Stephen L. Ram
Ahmad S. Takouche
Attorneys for Plaintiff TAKEYA USA CORPORATION

DATED: May 3, 2022    BALLARD SPAHR LLP

By: */s/ Mary O'Brien*
Elizabeth L. Schilken
Mary O'Brien *Pro Hac Vice
Wallace Hilke *Pro Hac Vice
Katherine Wendt *Pro Hac Vice
Attorneys for Defendant POWER PLAY MARKETING GROUP, LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>May 3, 2022</u>

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Takeya USA Corporation v. Powerplay Marketing Group, LLC, et al.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4818-3543-0383v4/105043-0001