UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 21-00835-JVS (DFMx) | Date: | August 4, 2022 |
|---|---|---|---|
| Title | TAKEYA USA CORP. v. POWER PLAY MARKETING GROUP, LLC | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order re: Defendant's Motion to Compel (Dkt. 30) |
|---|---|

    Defendant/Counterclaimant Power Play Marketing Group, LLC ("Power Play") moves for an order compelling the supplemental production of documents by Plaintiff Takeya USA Corporation ("Takeya"). Specifically, Power Play seeks an order compelling Takeya to produce its raw sales data. Although Power Play acknowledges that Takeya has already produced summaries of its sales data, it argues that production of the raw data is necessary to enable it to "verify" the summaries' "completeness" and "accuracy."

    In response, Takeya argues that Power Play already has the raw data for much of the relevant period; that production of the raw data would not be proportional to the needs of the case given the burden of collecting the data from its third-party provider, a process that would require each downloading and saving each record; and that Power Play has not shown that the summaries are inadequate. Separately, Takeya also argues that Power Play is not entitled to more recent 2022 data.

    The Court agrees with Power Play that notwithstanding Takeya's production of summary documents, raw sales data remains relevant to the claims and defenses in this case. Power Play should not have to rely on the veracity and completeness of summary documents it did not prepare. But Rule 26 also requires a determination that the production of the raw data would be "proportional to the needs of the case," considering among other things "the amount in controversy," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

As to the last factor identified by the Court, Takeya has presented evidence to demonstrate that it will take several hundred hours and cost tens of thousands of dollars to collect the raw data from its third-party vendor. Power Play does not refute or contest this evidence; rather, it contends that Takeya could "turn[] back on" Power Play's access to the data kept by Takeya's third-party vendor. But nothing persuades the Court that Power Play's access to the entire database must be restored. Accordingly, the Court must consider whether the burden and expense to Takeya outweighs the likely benefit of production.

Sales data is at the core of the parties' dispute, making the accuracy and completeness of Takeya's sales data an important issue. And the amount in controversy—Takeya stated at the hearing that its damages were on the order of $1,000,000—warrants the expense. Although it is not an easy call, the Court concludes that Takeya should be compelled to produce the raw sales data.

The remaining question is whether Takeya should be compelled to produce current sales data, i.e., through the date of this order, or whether its production should be limited to sales data through the end of 2021. Takeya contends that current sales data is irrelevant to Power Play's claims, but Power Play persuasively argues that current sales data is important to Takeya's contention that Power Play did not perform its obligations under the agreement.

Power Play's motion to compel is therefore GRANTED. Within twenty-eight (28) days, Takeya is ORDERED to produce EDI reports 810, 850, 852 and 860 from 2018 to the date of this order.

Power Play's request for attorney's fees is DENIED. Although the Court grants Power Play's motion, it finds that Takeya's position was substantially justified, in that reasonable minds could differ about whether the burden or expense of producing raw sales data outweighs its likely benefit. See Fed. R. Civ. P. 37(a)(5)(A)(ii).